**HILLS v WARNER BOULEVARD CO et**

Ohio Appeals, 9th Dist, Lorain Co
No. 552.   Decided May 13, 1931

Glitsch & Stack, Lorain, for Hills.

Kuth & Ehrker, Cleveland, for The Warner Boulevard Co.

equitable or unjust, and the conduct of said Hills is not such as to estop him from insisting upon the observance of a contract made by said company with full knowledge that the use of the lot it purchased was restricted and that Hills intended to enforce such restrictions and was then prosecuting a suit for the purpose of enforcing a like restriction as to an adjoining lot.

A decree may be drawn in favor of Hills and enjoining defendant company and its lessee, who is also a defendant, from a continuance of the violation of said restrictions.

PARDEE, PJ, WASHBURN, J, and FUNK, J, concur.

## YOUNGSTOWN (city) v JACKSON

Ohio Appeals, 7th Dist, Mahoning Co
Decided March 20, 1931

### PER CURIAM

While there is evidence in this case that was not introduced in the Graves case, we find no facts which would justify us in denying to Mr. Hills the relief he seeks in this case, and most of what we said in the opinion in disposing of the Graves case is applicable in the present case and we reiterate and approve of what we said in that opinion and especially of the propositions of law set forth in the syllabus in that case.

In the Graves case this court enjoined the use of a building on lot 153 for commercial purposes, and thereafter that building was so changed as to make it suitable for use as a fire station by the village, and it is now being used for that purpose, which is not a commercial purpose within the meaning of said restrictions.

We do not find that such use or the other matters shown by the evidence constitute such a changed condition as will warrant the court in refusing to enforce said restrictions; in other words, the circumstances as shown by the evidence in this case are not such as to render the enforcement of said restrictions against said company in-